# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|  |  |
|---|---|
| **FEDERAL TRADE COMMISSION,** | |
| Plaintiff, | **Case No. 1:09CV1211**<br>**(Member case No. 1:09CV1776)** |
| v. | **Judge James Gwin** |
| **6253547 CANADA, INC.,** *et al.*, | **Magistrate Judge Vecchiarelli** |
| Defendants. | |

# ORDER FOR FINAL
# DEFAULT JUDGEMENT AND PERMANENT INJUNCTION

Respecting Case No. 1:09cv1211:

Plaintiff Federal Trade Commission ("FTC" or "Commission"), pursuant to

Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), filed its

Complaint for injunctive and other equitable relief, alleging that Defendants 6253547 Canada,

Inc., d/b/a Thompson Hill Publishing, The Official Yellow Pages and OYP Group; Opus Media,

Inc., Karl Garon, and Claude E. Berthiaume ("Defendants") engaged in deceptive acts and

practices in connection with the offering for sale, sale, or distribution of business directories and

listings, in violation of Section 5 of the FTC Act, 15 U.S.C. § 45.

The FTC, having filed its motion for default judgment against Defendants, and this Court

having considered the submissions of the parties, and having granted the FTC's motion, **IT IS**

**HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

## FINDINGS

1.      The Complaint is an action by the Commission instituted under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b).  Pursuant to this Section of the FTC Act, the Commission has the authority to seek the relief contained herein.

2.      The Complaint states a claim upon which relief may be granted against the Defendants under Sections 5 and 13(b) of the FTC Act, 15 U.S.C. §§ 45 and 53(b).

3.      This Court has jurisdiction over the subject matter of this case and over the parties to this Order.

4.      Venue in the United States District Court for the Northern District of Ohio is proper pursuant to 15 U.S.C. § 53(b) and 28 U.S.C. § 1391(b), (c), and (d).

5.      The practices of Defendants are in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

6.      Defendants 6253547 Canada, Inc., Opus Media, Inc., and Karl Garon were properly served with the Complaint and summons on June 2, 2009.  Defendant Claude E. Berthiaume was properly served with the Complaint and summons on June 25, 2009.

7.      Defendants failed to serve an answer within twenty days of service of the Complaint, as required by Fed R. Civ. P. 12(a).

8.      Defendants have not appeared in this action.

9.      Defendants have failed to plead or otherwise defend.

10.     On February 9, 2010, the Court entered findings of default against Defendants for failing to plead or otherwise defend (Docket No. 38).

11.     The FTC served Defendants with notice of the FTC's Motion for Order for Permanent Injunction and Final Default Judgment.  Notice was not required because Defendants have not appeared in this action.  Fed. R. Civ. P. 55(b)(2).

12.     Plaintiff is entitled to judgment against Defendants pursuant to Fed. R. Civ. P. 55(b)(2).

13.     The individual Defendants, Karl Garon and Claude E. Berthiaume, formulated, directed, controlled or participated in the acts and practices of the corporate Defendants, 6253547 Canada, Inc., and Opus Media, Inc.

14.     Defendants' documented total net sales amounted to US $6,678,595 from the conduct alleged in the FTC's Complaint.  See, e.g., FTC v. Trudeau, 579 F.3d 754, 771 (7th Cir. 2009) ("Consumer loss is a common measure for civil sanctions in contempt proceedings and direct FTC actions.").

15.     The Commission is therefore entitled to equitable monetary relief against Defendants in the amount of US $6,678,595, which is the amount of revenue from consumers they received from mid-June 2005 until June 1, 2009.

16.     Defendants are jointly and severally liable for the payment of US $6,678,595 in equitable monetary relief for consumer redress.

17.     Defendants are likely to continue to engage in the activities alleged in the Complaint unless they are permanently enjoined from such acts and practices.

18.     This Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

19.     Entry of this Order is in the public interest.

## DEFINITIONS

1.     The "**Commission**," or "**FTC**" means the Federal Trade Commission.

2.     "**Corporate Defendants**" means 6253547 Canada, Inc., and Opus Media, Inc.

3.     "**Individual Defendants**" means Karl Garon and Claude E. Berthiaume.

4.      "**Defendants**" means 6253547 Canada, Inc., Opus Media, Inc., Karl Garon and Claude E. Berthiaume, and each of them, by whatever names each might be known.

5.      "**Complaint**" means the Complaint filed in this action on May 27, 2009 (Docket No. 1).

6.      "**Account number**" means any credit or debit card number, bank account number, deposit account number, personal identification number ("PIN"), access code, or security code, needed to charge or debit a consumer's account.

7.      "**Asset**" or  "**assets**" means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, goods, instruments, equipment, fixtures, general intangibles, effects, inventory, checks, notes, chattels, leaseholds, contracts, mails or other deliveries, shares of stock, lists of consumer names, accounts, credits, receivables, funds, monies, and all cash, wherever located, and shall include both existing assets and assets acquired after the date of entry of this Order.

8.      "**Document**" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

9.      "**Telemarketing**" means a plan, program, or campaign (whether or not covered by the Telemarketing Sales Rule, 16 C.F.R. Part 310) which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones.

## ORDER

## I.  BAN ON CERTAIN ACTIVITIES

**IT IS THEREFORE ORDERED** that Defendants are hereby permanently restrained and enjoined from engaging, participating or assisting others in the advertising, promoting, telemarketing, offering for sale, selling or distributing of business directories and/or listings in business directories in any format.

## II.  PROHIBITED BUSINESS ACTIVITIES

**IT IS THEREFORE ORDERED** that Defendants and their officers, directors, agents, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the advertising, promotion, offering for sale, sale, or provision of any good or service, are hereby permanently restrained and enjoined from:

A.      Misrepresenting, expressly or by implication: (1) that consumers have previously authorized the purchase of a good or service; (2) that consumers have agreed to purchase a good or service; (3) that consumers owe money for a good or service; (4) any material fact regarding a good or service; and (5) any material fact regarding the terms, conditions, and limitations of any refund or guarantee policy;

B.      Misrepresenting, expressly or by implication, or failing to disclose, any fact material to a consumer's decision to purchase or use any product, program, good, or service;

C.      Failing to disclose in outbound telephone calls to consumers, promptly and in a clear and conspicuous manner: (1) the identity of the seller; (2) that the purpose of the call is to sell goods or services; and (3) the nature of the goods or services;

D.      Violating any provision of the Telemarketing Sales Rule, 16 C.F.R. Part 310, as currently promulgated or as hereafter it may be amended; and

E.      Assisting others who make any misrepresentations, fail to disclose material terms, or violate the Telemarketing Sales Rule as described in Section II of this Order.

### III.  MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.      Judgment is hereby entered in favor of the Commission, and against Defendants, jointly and severally, in the amount of Six Million Six Hundred Seventy-Eight Thousand Five Hundred Ninety Five United States dollars (US $6,678,595), as equitable monetary relief for consumer injury;

B.      Upon entry of this Order, this monetary judgment shall become immediately due and payable by Defendants, and interest, computed pursuant to 28 U.S.C. § 1961(a), as amended, immediately shall begin to accrue upon the unpaid balance;

C.      All payments under this Section shall be made by certified check or other guaranteed funds payable to and delivered to the Commission, or by wire transfer in accord with directions provided by the Commission;

D.      All funds paid pursuant to this Section shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including, but not limited to, consumer redress and any attendant expenses for the administration of such equitable relief fund. If the Commission determines, in its sole discretion, that redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Defendants shall have no right to challenge the Commission's choice of remedies under this

Section.  This judgment for equitable monetary relief is solely remedial in nature and is not a fine, penalty, punitive assessment, or forfeiture; and

E.      Proceedings instituted under this Section are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order.

## IV.  ORDER PROVISION REGARDING CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from:

A.      disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), of any person which any Defendant obtained prior to entry of this Order in connection with the sale of business directories; and

B.      failing to dispose of such customer information in all forms in their possession, custody, or control within thirty (30) days after entry of this Order.  Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

*Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## V.  CEASE COLLECTION ON ACCOUNTS

**IT IS FURTHER ORDERED** that Defendants , and their officers, directors, agents, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any person, trust, corporation, subsidiary, division, or other device, or any of them, are hereby permanently restrained and enjoined from collecting or attempting to collect, or assigning any right to collect payment for any business directory and/or listing in any business directory, directly or through any third party, on any United States consumer account established prior to entry of this Order.

## VI.  RETURN OF UNCASHED CHECKS

**IT IS FURTHER ORDERED** that Defendants waive and release all rights, claims, and interests in all uncashed checks and other negotiable instruments sent by consumers in response to Defendants' telemarketing, invoices and/or collection activities related to business directories or listings in business directories.  Said uncashed checks and negotiable instruments, held by the Commission pursuant to the preliminary injunction issued in this action, shall not be cashed, but shall be returned to their makers by the Commission or its agent; and the Commission or its agent is authorized for this purpose to open any mail addressed to any Defendant that is or has been forwarded to the Commission and to dispose of such mail as the Commission, in its sole discretion, determines to be appropriate.  In the event that the makers of the uncashed checks or negotiable instruments cannot be located, or the Commission, in its sole discretion, determines that the return of checks or negotiable instruments is otherwise impracticable, the Commission or its agent shall destroy the checks or negotiable instruments.

## VII.  <u>COMPLIANCE MONITORING</u>

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Order:

A.      Within ten (10) days of receipt of written notice from a representative of the Commission, Defendants shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in any Defendant's possession or direct or indirect control to inspect the business operation;

B.      In addition, the Commission is authorized to monitor compliance with this Order by all other lawful means, including, but not limited to, the following:

1.      obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45 and 69;

2.      having its representatives pose as consumers and suppliers to: Defendants, their employees, or any other entity managed or controlled in whole or in part by either of them, without the necessity of identification or prior notice; and

C.      Defendants shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order.  The person interviewed may have counsel present.

*Provided, however,* that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49 and 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

### VIII.  **COMPLIANCE REPORTING**

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A.    For a period of five (5) years from the date of entry of this Order, the Individual Defendants shall each notify the Commission of the following:

1.    any changes in such Defendant's residence, mailing address, and telephone numbers, within ten (10) days of the date of such change;

2.    any changes in such Defendant's employment status (including self-employment), and any changes in such Defendant's ownership in any business entity within ten (10) business days of the date of such change.  Such notice shall include the name and address of each business that such Defendant is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business; and a detailed description of such Defendant's duties and responsibilities in connection with the business or employment;

3.    any changes in such Defendant's name or use of any aliases or fictitious names within ten (10) business days of the date of such change;

B.    For a period of five (5) years from the date of entry of this Order Defendants shall notify the Commission of any changes in corporate structure or any business entity that Defendants directly or indirectly control(s), or has an ownership interest in, that may affect compliance obligations arising under this Order, including, but not limited to, a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate or business entity's name or address, at least thirty (30) days prior to such change, *provided* that,

with respect to any proposed change in the corporation or business entity about which Defendants learn less than thirty (30) days prior to the date such action is to take place, Defendants shall notify the Commission as soon as is practicable after obtaining such knowledge.

C.      One hundred eighty (180) days after the date of entry of this Order and annually thereafter for a period of eight (8) years, Defendants each shall provide a written report to the Commission, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order. This report shall include, but not be limited to:

       1.      For each Individual Defendant:

          a.      his then-current residence address, mailing address and telephone number;

          b.      his then-current employment status (including self-employment), including the name, address, and telephone number of each business that he is affiliated with, employed by, or performs services for; a detailed description of the nature of the business; and a detailed description of his duties and responsibilities in connection with the business or employment; and

          c.      any other changes required under Subsection A of this Section.

       2.      For all Defendants:

          a.      a copy of each acknowledgment of receipt of this Order, obtained pursuant to Paragraph D of Section X; and

          b.      any other changes required to be reported under Paragraphs A or B of this Section.

D.      Each Defendant shall notify the Commission of the filing of a bankruptcy petition by such Defendants within fifteen (15) days of filing.

E.      For the purposes of this Order, Defendants shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier all reports and notifications required by this Order to the Commission at the following address:

Associate Director for Enforcement
Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C. 20580

Re:  FTC v. 6253547 Canada, Inc.., *et al*., Case No. 1:09cv1211 (N.D. Ohio)

*Provided* that, in lieu of overnight courier, Defendants may send such reports of notifications by first-class mail, but only if Defendants contemporaneously send an electronic version of such report or notification to the Commission at DEBrief@ftc.gov.

F.      For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with Defendants.

G.      For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with Defendants.

## IX.  RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry of this Order, for any business where Defendants are the majority owners of the business or otherwise control the business, Defendants , and their agents, employees, officers, corporations, successors, and assigns, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

A.     Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B.     Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C.     Customer files containing the names, addresses, telephone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D.     Complaints and refund requests (whether received directly, indirectly or through any third party) and any responses to those complaints or requests;

E.     Copies of all sales scripts, training materials, advertisements, or other marketing materials; and

F.     All records and documents necessary to demonstrate full compliance with each provision of this Order, including, but not limited to, copies of acknowledgments of receipt of this Order, required by Paragraph D of Section X, and all reports submitted to the FTC pursuant to Sections VII and VIII.

## X.  <u>DISTRIBUTION OF ORDER</u>

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, Defendants shall deliver copies of the Order as directed below:

A.     Corporate Defendants: Each Corporate Defendant must delivery a copy of this Order to (1) all of its principals, officers, directors, and managers; (2) all of its employees, agents, and representatives who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Subsection B of the

Section titled "Compliance Reporting."  For current personnel, delivery shall be within five (5) days of service of this Order upon such Defendant.  For new personnel, delivery shall occur prior to them assuming their responsibilities.  For any business entity resulting from any change in structure set forth in Subsection B of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

B.      Individual Defendant as a control person: For any business entity that an Individual Defendant controls, directly or indirectly, or in which such Defendant has a majority ownership interest, such Defendant must deliver a copy of this Order to (1) all principals, officers, directors, and managers of that business; (2) all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Subsection B of the Section titled "Compliance Reporting."  For current personnel, delivery shall be within five (5) days of service of this Order upon such Defendant.  For new personnel, delivery shall occur prior to them assuming responsibilities.  For any business entity resulting from any change in structure set forth in Section B of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

C.      Individual Defendant as employee or non-control person: For any business where an Individual Defendant is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Order, such Defendant must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

D.      Defendants must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

## XI.  ACKNOWLEDGMENT OF RECEIPT OF ORDER

**IT IS FURTHER ORDERED** that Defendants, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## XII.  LIFTING OF ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze on the assets of Defendants shall remain in effect until the Commission has received all payments required by Section III above, provided, however, that Defendants may transfer funds to the extent necessary to make all payments required by Section III.

## XIII.  SEVERABILITY

**IT IS FURTHER ORDERED** that the provisions of this Order are separate and severable from one another.  If any provision is stayed or determined to be invalid, the remaining provisions shall remain in full force and effect.


Respecting Case No. 1:09cv1776

Plaintiff Federal Trade Commission ("FTC" or "Commission"), pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), filed its Complaint for injunctive and other equitable relief, alleging that Defendants Integration Media, Inc.,  d/b/a GoAm Media, and Stephane Lachapelle ("Defendants") engaged in deceptive acts and practices in connection with the offering for sale, sale, or distribution of business directories and listings, in violation of Section 5 of the FTC Act, 15 U.S.C. § 45.

The FTC, having filed its motion for default judgment against Defendants, and this Court having considered the submissions of the parties, and having granted the FTC's motion, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

## FINDINGS

1.      The Complaint is an action by the Commission instituted under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b).  Pursuant to this Section of the FTC Act, the Commission has the authority to seek the relief contained herein.

2.      The Complaint states a claim upon which relief may be granted against the Defendants under Sections 5 and 13(b) of the FTC Act, 15 U.S.C. §§ 45 and 53(b).

3.      This Court has jurisdiction over the subject matter of this case and over the parties to this Order.

4.      Venue in the United States District Court for the Northern District of Ohio is proper pursuant to 15 U.S.C. § 53(b) and 28 U.S.C. § 1391(b), (c), and (d).

5.      The practices of Defendants are in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

6.      Defendants Integration Media, Inc., and Stephane LaChapelle were properly served with the Complaint and summons on June 2, 2009.

7.      Defendants failed to serve an answer within twenty days of service of the Complaint, as required by Fed R. Civ. P. 12(a).

8.      Defendants have not appeared in this action.

9.      Defendants have failed to plead or otherwise defend.

10.     On February 9, 2010, the Court entered findings of default against Defendants for failing to plead or otherwise defend (Docket No. 38).

11.     The FTC served Defendants with notice of the FTC's Motion for Order for Permanent Injunction and Final Default Judgment.  Notice was not required because Defendants have not appeared in this action.  Fed. R. Civ. P. 55(b)(2).

12.     Plaintiff is entitled to judgment against Defendants pursuant to Fed. R. Civ. P. 55(b)(2).

13.     The individual Defendant, Stephane LaChapelle, formulated, directed, controlled or participated in the acts and practices of the corporate Defendant, Integration Media, Inc.

14.     Defendants' documented total net sales amounted to US $2,321,047 from the conduct alleged in the FTC's Complaint.  See, e.g., FTC v. Trudeau, 579 F.3d 754, 771 (7th Cir. 2009) ("Consumer loss is a common measure for civil sanctions in contempt proceedings and direct FTC actions.").

15.     The Commission is therefore entitled to equitable monetary relief against Defendants in the amount of US $2,321,047, which is the amount of revenue from consumers they received from July 10, 2008 until June 1, 2009.

16.     Defendants are jointly and severally liable for the payment of US $2,321,047 in equitable monetary relief for consumer redress.

17.     Defendants are likely to continue to engage in the activities alleged in the Complaint unless they are permanently enjoined from such acts and practices.

18.     This Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

19.     Entry of this Order is in the public interest.

### DEFINITIONS

1.     The "**Commission**," or "**FTC**" means the Federal Trade Commission.

2.     "**Corporate Defendant**" means Integation Media, Inc.

3.     "**Individual Defendant**" means Stephane LaChapelle.

4.     "**Defendants**" means Integration Media, Inc., and Stephane LaChapelle and each of them, by whatever names each might be known.

5.      "**Complaint**" means the Complaint filed in this action on May 27, 2009 (Docket No. 2).

6.      "**Account number**" means any credit or debit card number, bank account number, deposit account number, personal identification number ("PIN"), access code, or security code, needed to charge or debit a consumer's account.

7.      "**Asset**" or "**assets**" means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, goods, instruments, equipment, fixtures, general intangibles, effects, inventory, checks, notes, chattels, leaseholds, contracts, mails or other deliveries, shares of stock, lists of consumer names, accounts, credits, receivables, funds, monies, and all cash, wherever located, and shall include both existing assets and assets acquired after the date of entry of this Order.

8.      "**Document**" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

9.      "**Telemarketing**" means a plan, program, or campaign (whether or not covered by the Telemarketing Sales Rule, 16 C.F.R. Part 310) which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones.

## **ORDER**

### **I.  BAN ON CERTAIN ACTIVITIES**

**IT IS THEREFORE ORDERED** that Defendants are hereby permanently restrained and enjoined from engaging, participating or assisting others in the advertising, promoting,

telemarketing, offering for sale, selling or distributing of business directories and/or listings in business directories in any format.

## II.  PROHIBITED BUSINESS ACTIVITIES

**IT IS THEREFORE ORDERED** that Defendants and their officers, directors, agents, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the advertising, promotion, offering for sale, sale, or provision of any good or service, are hereby permanently restrained and enjoined from:

A.      Misrepresenting, expressly or by implication: (1) that consumers have previously authorized the purchase of a good or service; (2) that consumers have agreed to purchase a good or service; (3) that consumers owe money for a good or service; (4) any material fact regarding a good or service; and (5) any material fact regarding the terms, conditions, and limitations of any refund or guarantee policy;

B.      Misrepresenting, expressly or by implication, or failing to disclose, any fact material to a consumer's decision to purchase or use any product, program, good, or service;

C.      Failing to disclose in outbound telephone calls to consumers, promptly and in a clear and conspicuous manner: (1) the identity of the seller; (2) that the purpose of the call is to sell goods or services; and (3) the nature of the goods or services;

D.      Violating any provision of the Telemarketing Sales Rule, 16 C.F.R. Part 310, as currently promulgated or as hereafter it may be amended; and

E.      Assisting others who make any misrepresentations, fail to disclose material terms, or violate the Telemarketing Sales Rule as described in Section II of this Order.

### III.  **MONETARY JUDGMENT**

**IT IS FURTHER ORDERED** that:

A.      Judgment is hereby entered in favor of the Commission, and against Defendants, jointly and severally, in the amount of Two Million Three Hundred Twenty-One Thousand Forty-Seven United States dollars (US $2,321,047), as equitable monetary relief for consumer injury;

B.      Upon entry of this Order, this monetary judgment shall become immediately due and payable by Defendants, and interest, computed pursuant to 28 U.S.C. § 1961(a), as amended, immediately shall begin to accrue upon the unpaid balance;

C.      All payments under this Section shall be made by certified check or other guaranteed funds payable to and delivered to the Commission, or by wire transfer in accord with directions provided by the Commission;

D.      All funds paid pursuant to this Section shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including, but not limited to, consumer redress and any attendant expenses for the administration of such equitable relief fund. If the Commission determines, in its sole discretion, that redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Defendants shall have no right to challenge the Commission's choice of remedies under this Section.  This judgment for equitable monetary relief is solely remedial in nature and is not a fine, penalty, punitive assessment, or forfeiture; and

E.      Proceedings instituted under this Section are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order.

## IV.  ORDER PROVISION REGARDING CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from:

A.      disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), of any person which any Defendant obtained prior to entry of this Order in connection with the sale of business directories; and

B.      failing to dispose of such customer information in all forms in their possession, custody, or control within thirty (30) days after entry of this Order.  Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

*Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## V.  CEASE COLLECTION ON ACCOUNTS

**IT IS FURTHER ORDERED** that Defendants, and their officers, directors, agents, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries,

affiliates, successors, and assigns, and all other persons or entities in active concert or

participation with them who receive actual notice of this Order by personal service or otherwise,

whether acting directly or through any person, trust, corporation, subsidiary, division, or other

device, or any of them, are hereby permanently restrained and enjoined from collecting or

attempting to collect, or assigning any right to collect payment for any business directory and/or

listing in any business directory, directly or through any third party, on any United States

consumer account established prior to entry of this Order.

## VI.  RETURN OF UNCASHED CHECKS

**IT IS FURTHER ORDERED** that Defendants waive and release all rights, claims, and

interests in all uncashed checks and other negotiable instruments sent by consumers in response

to Defendants' telemarketing, invoices and/or collection activities related to business directories

or listings in business directories.  Said uncashed checks and negotiable instruments, held by the

Commission pursuant to the preliminary injunction issued in this action, shall not be cashed, but

shall be returned to their makers by the Commission or its agent; and the Commission or its

agent is authorized for this purpose to open any mail addressed to any Defendant that is or has

been forwarded to the Commission and to dispose of such mail as the Commission, in its sole

discretion, determines to be appropriate.  In the event that the makers of the uncashed checks or

negotiable instruments cannot be located, or the Commission, in its sole discretion, determines

that the return of checks or negotiable instruments is otherwise impracticable, the Commission

or its agent shall destroy the checks or negotiable instruments.

## VII.  COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating

compliance with any provision of this Order:

A.       Within ten (10) days of receipt of written notice from a representative of the Commission, Defendants shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in either Defendant's possession or direct or indirect control to inspect the business operation;

B.       In addition, the Commission is authorized to monitor compliance with this Order by all other lawful means, including, but not limited to, the following:

1.       obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45 and 69;

2.       having its representatives pose as consumers and suppliers to: Defendants, their employees, or any other entity managed or controlled in whole or in part by either of them, without the necessity of identification or prior notice; and

C.       Defendants shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order.  The person interviewed may have counsel present.

*Provided, however,* that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49 and 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## VIII.  COMPLIANCE REPORTING

IT IS FURTHER ORDERED that, in order that compliance with the provisions of this Order may be monitored:

A.      For a period of five (5) years from the date of entry of this Order, the Individual

Defendant shall notify the Commission of the following:

1.      any changes in such Defendant's residence, mailing address, and

telephone numbers, within ten (10) days of the date of such change;

2.      any changes in such Defendant's employment status (including

self-employment), and any changes in such Defendant's ownership in any business entity within

ten (10) business days of the date of such change.  Such notice shall include the name and

address of each business that such Defendant is affiliated with, employed by, creates or forms, or

performs services for; a detailed description of the nature of the business; and a detailed

description of such Defendant's duties and responsibilities in connection with the business or

employment;

3.      any changes in such Defendant's name or use of any aliases or fictitious

names within ten (10) business days of the date of such change;

B.      For a period of five (5) years from the date of entry of this Order Defendants shall

notify the Commission of any changes in corporate structure or any business entity that

Defendants directly or indirectly control(s), or has an ownership interest in, that may affect

compliance obligations arising under this Order, including, but not limited to, a dissolution,

assignment, sale, merger, or other action that would result in the emergence of a successor

entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or

practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate or

business entity's name or address, at least thirty (30) days prior to such change, provided that,

with respect to any proposed change in the corporation or business entity about which

Defendants learn less than thirty (30) days prior to the date such action is to take place,

Defendants shall notify the Commission as soon as is practicable after obtaining such knowledge.

  C.  One hundred eighty (180) days after the date of entry of this Order and annually thereafter for a period of eight (8) years, Defendants each shall provide a written report to the Commission, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order. This report shall include, but not be limited to:

    1.  For the Individual Defendant:

      a.  his then-current residence address, mailing address and telephone number;

      b.  his then-current employment status (including self-employment), including the name, address, and telephone number of each business that he is affiliated with, employed by, or performs services for; a detailed description of the nature of the business; and a detailed description of his duties and responsibilities in connection with the business or employment; and

      c.  any other changes required under Subsection A of this Section.

    2.  For both Defendants:

      a.  a copy of each acknowledgment of receipt of this Order, obtained pursuant to Paragraph D of Section X; and

      b.  any other changes required to be reported under Paragraphs A or B of this Section.

D.      Each Defendant shall notify the Commission of the filing of a bankruptcy petition by such Defendants within fifteen (15) days of filing.

E.      For the purposes of this Order, Defendants shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier all reports and notifications required by this Order to the Commission at the following address:

Associate Director for Enforcement
Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, D.C. 20580

Re:  FTC v. Integration Media, Inc.., et al., Case No. 1:09cv1776 (N.D. Ohio)

*Provided* that, in lieu of overnight courier, Defendants may send such reports of notifications by first-class mail, but only if Defendants contemporaneously send an electronic version of such report or notification to the Commission at DEBrief@ftc.gov.

F.      For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with Defendants.

## IX.  RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry of this Order, for any business where Defendants are the majority owners of the business or otherwise control the business, Defendants , and their agents, employees, officers, corporations, successors, and assigns, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

A.      Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B.     Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C.     Customer files containing the names, addresses, telephone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D.     Complaints and refund requests (whether received directly, indirectly or through any third party) and any responses to those complaints or requests;

E.     Copies of all sales scripts, training materials, advertisements, or other marketing materials; and

F.     All records and documents necessary to demonstrate full compliance with each provision of this Order, including, but not limited to, copies of acknowledgments of receipt of this Order, required by Paragraph D of Section X, and all reports submitted to the FTC pursuant to Sections VII and VIII.

## X.  <u>DISTRIBUTION OF ORDER</u>

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, Defendants shall deliver copies of the Order as directed below:

A.     Corporate Defendant: The Corporate Defendant must delivery a copy of this Order to (1) all of its principals, officers, directors, and managers; (2) all of its employees, agents, and representatives who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Subsection B of the Section titled "Compliance Reporting."  For current personnel, delivery shall be within five (5) days of service of this Order upon such Defendant.  For new personnel, delivery shall occur prior

to them assuming their responsibilities.  For any business entity resulting from any change in structure set forth in Subsection B of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

B.      Individual Defendant as a control person: For any business entity that the Individual Defendant controls, directly or indirectly, or in which such Defendant has a majority ownership interest, such Defendant must deliver a copy of this Order to (1) all principals, officers, directors, and managers of that business; (2) all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Subsection B of the Section titled "Compliance Reporting."  For current personnel, delivery shall be within five (5) days of service of this Order upon such Defendant.  For new personnel, delivery shall occur prior to them assuming responsibilities.  For any business entity resulting from any change in structure set forth in Section B of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

C.      Individual Defendant as employee or non-control person: For any business where the Individual Defendant is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Order, such Defendant must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

D.      Defendants must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

## XI.  ACKNOWLEDGMENT OF RECEIPT OF ORDER

**IT IS FURTHER ORDERED** that Defendants, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## XII.  LIFTING OF ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze on the assets of Defendants shall remain in effect until the Commission has received all payments required by Section III above, provided, however, that Defendants may transfer funds to the extent necessary to make all payments required by Section III.

## XIII.  SEVERABILITY

**IT IS FURTHER ORDERED** that the provisions of this Order are separate and severable from one another.  If any provision is stayed or determined to be invalid, the remaining provisions shall remain in full force and effect.

With respect to both matters:

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of these matters for purposes of construction, modification, and enforcement of this Order.

**JUDGMENT IS THEREFORE ENTERED** in favor of the Commission and against Defendants pursuant to all the terms and conditions recited above.

**IT IS SO ORDERED.**

**Dated:**   3/30/10                              s/   James S. Gwin
                                                **JAMES S. GWIN**
                                                United States District Judge